IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRINCESS AMINA SALVADOR,
    Plaintiff,

vs.                                      Case No.: 3:18cv2160/LAC/EMT

LIEUTENANT LABODRY,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon a civil complaint under 42 U.S.C. § 1983, filed by Plaintiff on October 3, 2018 (ECF No. 1).[1] Plaintiff also submitted a motion to proceed in forma pauperis (ECF No. 2). Upon review of the complaint, the undersigned recommends that this case be dismissed without prejudice based on considerations of venue.

Plaintiff is a detainee who was confined at the Glades County Detention Center ("GCDC") in Moore Haven, Florida, when she initiated this action. Plaintiff names as the lone Defendant Lt. Labodry, who she states is employed at the Broward County Detention Center in Pompano Beach, Florida. The complaint alleges that Lt. Labodry refused to allow Plaintiff to make phone calls to her family and "legal calls."

---

[1] Since April 4, 2018, Plaintiff has filed more than fifty civil rights complaints in the Northern District of Florida.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962); World Holdings, LLC v. Federal Republic of Germany, No. 08-20198-CIV-ALTONAGA, 2009 WL 10664174, at *2 (S.D. Fla. May 22, 2009) (citing Davis v. Am. Society of Civil Eng'rs, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)). Nonetheless, as the statute provides, a court in its sound discretion may dismiss the case rather than transfer it. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981); First of Mich. Corp. v. Bramlet, 141 F.3d 260, 262

(6th Cir. 1998); <u>Hapaniewski v. City of Chicago Heights</u>, 883 F.2d 576, 578 (7th Cir. 1989).

This judicial district has no relation to the litigation at issue.  The events underlying this action arose in Broward County, Florida, which is located in the Southern District of Florida, the lone Defendant resides in the Southern District, and all pertinent factual allegations set out in the complaint took place there.  Neither the private interests of the litigants nor the public interest in the administration of justice are even minimally advanced by venue being maintained in this district.  Thus, the court should exercise its discretion under 28 U.S.C. § 1406(a) to dismiss Plaintiff's case without prejudice.  Should Plaintiff remain interested in continuing to litigate her case, she should file a new cause of action in the Southern District of Florida.

Accordingly, it is now **RECOMMENDED** as follows:

1. That this case be **DISMISSED** without prejudice under 28 U.S.C. § 1406(a).

2. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 7<u>th</u> day of November 2018.

>  /s/ *Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

                                                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:18cv2160/LAC/EMT